NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE ARMANDO NAJERA, AKA Jose Soto Najera, | No.    19-71098 |
| Petitioner, | Agency No. A094-449-362 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before:      FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Jose Armando Najera, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

the legal question of whether a particular social group is cognizable, except to the

extent that deference is owed to the BIA's interpretation of the governing statutes

and regulations.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020).

We review for substantial evidence the agency's factual findings.  *Id*. at 1241.  We

dismiss in part and deny in part the petition for review.

To the extent Najera contends he suffered past persecution, we lack

jurisdiction to review the contention because he failed to raise the issue before the

BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks

jurisdiction to review claims not presented to the agency).  In his opening brief,

Najera fails to raise, and therefore forfeits, challenge to the BIA's determinations

regarding family membership.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072,

1079-1080 (9th Cir. 2013).

The BIA did not err in concluding that Najera did not establish membership

in a cognizable particular social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131

(9th Cir. 2016) (in order to demonstrate membership in a particular social group,

"[t]he applicant must 'establish that the group is (1) composed of members who

share a common immutable characteristic, (2) defined with particularity, and (3)

socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26

I. & N. Dec. 227, 237 (BIA 2014))).  Substantial evidence supports the BIA's

determination that Najera otherwise failed to demonstrate a nexus between the harm he fears in El Salvador and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Najera's asylum and withholding of removal claims fail.

Najera does not challenge, and therefore forfeits, the BIA's determination that he failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Lopez-Vasquez*, 706 F.3d at 1079-1080. Thus, his CAT claim fails.

We lack jurisdiction to consider Najera's contentions regarding removability because he failed to raise them before the BIA. *See Barron*, 358 F.3d at 677-78.

Najera's opposed motion to remand (Docket Entry No. 25) is denied.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED, in part; DENIED, in part.**